CARMEN ROSA OLIVERA, ETC., Appellant, v. REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 995. Submitted April 27, 1937.—Decided April 30, 1937.

*Enrique Báez García* for appellant. The registrar appeared by brief.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Carmen Rosa Olivera, a minor represented by her mother, Ana Celia Olivera, brought, in the District Court of Mayagüez, an action to be declared a natural child of Felipe A. González, who died leaving no legitimate ascendants or descendants, and alleged that she is a daughter of said Felipe A. González and that she has enjoyed the status of natural child from the date of her birth up to the present time.

·The complaint is directed against a surviving sister of Felipe A. González, and against other defendants who represent two deceased brothers of his.

The plaintiff presented in the Registry of Property of San Germán a certified copy of the said complaint, and attached thereto a paper writing addressed to the registrar describing a rural property of 5.40 acres (*cuerdas*) which appears recorded in said registry in the name of the alleged natural father of the plaintiff, Felipe A. González. The entry of a *lis pendens* notice was requested from the registrar, in accordance with section 91 of the Code of Civil Procedure.

The registrar refused to record the notice in a decision which reads as follows:

"The record of the notice of *lis pendens* requested in the writing of Attorney Enrique Báez García, attached hereto, is refused, and a cautionary notice has been entered in lieu thereof in favor of the plaintiff, Carmen Rosa Olivera, of her aforesaid right . . . . for the following reasons: *First:* Because the entry requested is not in accordance with the provisions of section 91 of the Code of Civil Procedure, since said complaint involves only a filiation suit and there is no allegation therein which would affect the title or right of possession of real property or of a real right. The description of the property so affected must cearly appear in the complaint, and this essential requisite can not be supplied by a mere writing addressed to the registrar and attached to the complaint, requesting that a notice of the latter be entered with respect to a given property, inasmuch as the manner in which it is sought to enter the notice would not serve to notify the defendants of any fact affecting the title or the right of possession of the real property in question. . . ."

In accordance with section 91 of the Code of Civil Procedure, a notice of the pendency of an action can be entered when the action instituted affects the title or the right of possession of real property.

The said section reads as follows:

"In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for

record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and a description of the property affected thereby."

This court, in the cases of *Padilla* v. *Registrar,* 39 P.R.R. 482 and *Fernández* v. *Registrar,* 45 P.R.R. 695 analized the nature and scope of the notice that can be entered in the registry of property in accordance with the legal provision copied above. In the first of said cases the difference existing between section 91 of the Code of Civil Procedure and the cautionary notice authorized by article 42 of the Mortgage Law was pointed out. In that decision it was declared that the notice authorized by our procedural law depends on the will of the party.

The only question to be decided in this case is whether or not the real property described in the document that the appellant attached to the complaint, is affected by the filiation suit brought.

In the case of *Cruz* v. *Registrar of San Germán,* 32 P.R.R. 32, there was filed a complaint containing several causes of action, among them one of filiation and another for the recovery of an inheritance. In the cause of action relating to the recovery of the inheritance several properties were described. Notice of said action was entered in the registry of property. Subsequently, the defendant obtained from the district court the striking out of all the descriptions of the properties. Thereupon he demanded from the registrar the cancellation of the notice of *lis pendens,* and alleged that inasmuch as the properties were not described in the complaint, no notice thereof could be entered. This court affirmed the decision of the registrar refusing to cancel the notice of *lis pendens,* on grounds which are very different from those advanced in support of the present appeal, but in the body of the opinion it said:

"Even otherwise, a registrar might find some embarrassment in adopting appellant's theory of the matter, in the face of the doc-

trine announced by this court in *Orta* v. *Arzuaga,* 23 P.R.R. 241. In that case, with but one dissenting vote, it was said at page 249 that 'in substance every action of filiation generally involves the recovery, immediate or remote, of some property, which fact is even more evident in this particular case where the plaintiff-appellant alleges in his complaint, as stated at the beginning of this opinion, that a part of his father's estate, consisting mostly of real property, is situated in the municipal districts of Carolina and Loíza, and that the defendants, who are the heirs named by Arzuaga in his will, refuse to acknowledge the plaintiff as the natural child of Arzuaga and oppose his using his father's surname or entering into possession of the property which constitutes his inheritance.' "

Now the question has been duly raised before this court and it must be decided. The plaintiff prays in her complaint that she be declared an acknowledged natural child of Felipe A. González, with all the rights granted by the Civil Code to natural children, and for any other proper relief. Among those rights that of inheritance figures prominently. Once the status of a natural child has been declared, the child is entitled to inherit from the father in the share provided by law. In this case it is alleged in the complaint that there are no ascendant or descendants, whether legitimate or legitimated. It is clear that if the plaintiff proves her allegations, she has a right over the property which appears recorded in the registry in the name of her predecessor in interest, as long as the same remains undivided.

We could not say, without disregarding the rights of plaintiff, that the property in question is not affected by this action. There is a possibility that the defendants may have obtained a declaration of heirship and taken some steps authorizing them to convey the said recorded property. The plaintiff is entitled to be protected and the best manner in which this can be done is by recording the notice of the pendency of the action. The plaintiff has complied with all the requirements of law. She has filed a copy of the complaint duly certified by the clerk of the court where the action was brought, and she has presented a document describing the

property. The registrar can have no doubt that said property appears recorded in the registry, in the name of the putative father. The plaintiff has described the identical property in her petition and offered reliable evidence to the respondent of the filiation suit brought by her. No other information could be more complete or authentic.

The decision appealed from must be reversed.